

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 14, 1972

Hon. Clyde Whiteside
Administrator, Interstate
  Parole Compact
Board of Pardons and Paroles
Room 501
John H. Reagan Building
Austin, Texas    78701

Dear Mr. Whiteside:

Opinion No. M-1042

Re: Authority of Board of Pardons
    and Paroles to employ and
    pay two Deputy Compact Ad-
    ministrators

You have requested an opinion from this office as to whether or not the Comptroller can pay your two Deputy Compact Administrators, each, $600 annually, under the provisions of the current general Appropriations Act (S. B. 11, R.S., as amended by S. B. 7, 1st C.S., both of the 62nd Leg., 1971).

At pages III-104 and 105 of the Appropriations Act is the appropriation to the Board of Pardons and Paroles; we copy the relevant portions:

### "BOARD OF PARDONS AND PAROLES

|  | For the Years Ending 8-31-72 | 8-31-73 |
|---|---|---|
| ". . . | | |
| "4.  Salaries of Inter-state Compact Administrators Association Members | $2,400 | $2,400 |
| ". . . | | (at page III-104) |

"Out of Item No. 4, Interstate Compact Administrators Association Members, the Board of Pardons and Paroles is authorized to pay in addition to regular salaries, the Compact Administrator $1,200 annually and the two Deputy Compact Administrators $600 each annually.

". . ."                                     (at page III-105)

The nature of the duties of the two "Deputy Compact Administrators" is to serve with the Compact Administrator as members of the Parole and Probation Compact Administrators Association, which meets once a year to vote upon matters of policy and proposals for revisions in the rules and regulations that may arise during the year. The Association, however, exercises no sovereignty. Under the Compact Rules and Regulations, the Compact Administrator is empowered to appoint two deputies to assist him and to serve as members of the Association. The Compact Administrator is <u>the</u> responsible officer for handling the administration of the compact between his state and other contracting states, and he serves as the state's representative in the Parole and Probation Compact Administrators' Association. According to your statement of facts, the Deputies work in assisting the Administrator in the supervision of out-of-state parolees involves correspondence and periodic interviewing of the parolees and collecting information as to their condition and progress in the community, all of which are purely ministerial functions. The ultimate judgment and decision making is in the Administrator. See the Handbook on Interstate Crime Control (1966), published by the Council of State Governments, pgs. 6-7.

Under Article 42.11, Code of Criminal Procedure of Texas, Section 5, the Governor is authorized to appoint an Interstate Parole Compact Administrator to "promulgate such rules and regulations as may be deemed necessary to more effectively carry out the terms of this Compact." Texas thereby became a member of the compact, which by its rules provides for the appointment of the two deputies. Furthermore, Section 11, Article IV, Constitution of Texas, creating the Board of Pardons and Paroles, is additional pre-existing law supporting the Legislature's appropriation.

We do not construe the appointment of the "Deputy Compact Administrator" to constitute him a "general deputy" or public officer with quasi-judicial duties and matters, but rather as an assistant to whom is delegated certain ministerial functions in connection with the administration of the compact. They exercise no sovereign powers as such. The Compact Administrator is a public officer. As an abstract proposition, some courts have held that a public official has the necessary implied authority to appoint sufficient deputies to perform the duties of his office. See 43 Am. Jur. 219, Public Officers, Sec. 461, citing authorities, including Wines v. Garrison, 190 Cal. 650, 214 P. 56 (1923), 26 A. L. R. 1302; McGrain v. Daugherty, 273 U. S. 135 (1927), 50 A. L. R. 1. On the other hand, it is held that express legislative authority is essential to the appointment of a "general deputy" to whom quasi-judicial duties are to be delegated. See State Tax Commission v. Katsis, 90 Utah 406, 62 P 2d 120, 107 A. L. R. 1477, (1936).

If it is entended that the two Deputy Compact Administrators are to be "general deputies" in the sense that they are to be public officers exercising sovereign powers and quasi-judicial duties, then express legislative authority so designating them should be sought.

The real question here presented is whether they are entitled to the compensation provided for them. They have apparently in good faith exercised their duties under color of a known and valid appointment and are at least deputies de facto and are entitled to their compensation for services rendered. See 47 Tex. Jur. 2d 306, Public Officers, Sec. 251; p. 324, Sec. 263. Their acts will be upheld as valid as far as the public or third parties are concerned and may not be collaterally attacked. 47 Tex. Jur. 2d 324-325, Public Officers, Sec. 264; 67 CJS 452, Officers, Sec. 154. The fact that a deputy is erroneously denominated as an assistant, or vice versa, will not invalidate his acts. 47 Tex. Jur. 2d 296, Public Officers, Sec. 241, and cases cited in footnote 12.

It is our opinion that the two Deputy Compact Administrators were entitled to be employed and paid the compensations provided by the Legislature in carrying on their duties in connection with the Interstate Compact Administrators Association.

## SUMMARY

Under the provisions of Senate Bill 11, Regular Session, as amended by Senate Bill 7, of the Special Session, 62nd Legislature, 1971, the Board of Pardons and Paroles had the authority to employ and pay two Deputy Compact Administrators, each $600 annually.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of the State of Texas

Prepared by John H. Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

John Reeves
Roland Allen
Bob Gauss
Bob Lattimore

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant